**Phyllis E. MacWHORTER, Appellant,**

v.

**Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.**

No. 90–935.

United States Court of Veterans Appeals.

Argued Nov. 26, 1991.

Decided Jan. 31, 1992.

Michael P. Horan, Washington, D.C., for appellant.

Adrienne Koerber, with whom Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Associate Judges.

NEBEKER, Chief Judge:

In this appeal from a 1990 decision of the Board of Veterans' Appeals (BVA or Board), appellant, the widow of veteran Robert E. MacWhorter, seeks reversal of a holding denying her a limited one-year retroactive compensation increase in her late husband's Special Monthly Compensation rating. Before his death, appellant's husband was seeking an increased rating for his service-connected diabetes, which had resulted in the amputation of both his legs. The limited alleged amount now due is approximately $2,000. 38 U.S.C. § 5121 (formerly § 3021) (veteran's surviving spouse may receive accrued benefits consisting of

up to one year of the veteran's due but unpaid benefits).

■ Because counsel for the Secretary breached the representational duty to defend the Secretary before the Court, we have sought and found most persuasive precedent, particularly in *Alameda v. Secretary of HEW*, 622 F.2d 1044, 1049 (1st Cir.1980), for deeming counsel's shortcomings a concession of Board error and in turn a basis for reversal. In *Alameda*, the First Circuit upheld the authority of the District Court to impose an implied concession of error when the government failed to respond through requested briefs in social security review cases.

This appeal has taken such an atypical turn because of failure by counsel for the Secretary of Veterans Affairs to file a brief, and due to the deficiency of his motion to remand. Appellant's brief argues, with detailed reference to the record, and with apparent merit, that the veteran's peripheral vascular disease, which necessitated the amputations, was a severe complication of service-connected diabetes and was so declared by the Board, thus requiring a higher disability rating and entitlement to the amount now claimed by the veteran's widow. The Department's General Counsel having defaulted in the obligation to brief the Secretary's position and thus provide the Court with the incidental benefit of his views on the facts and law, is deemed to concede the validity of appellant's legally plausible position. Accordingly, under the circumstances of this case, we reverse the Board's decision and remand with directions to grant appellant the benefits sought.

We note that this failure by the General Counsel is not isolated. As of December 3, 1991, twenty-four cases lacked a timely brief or a motion for extension of time from the General Counsel. In some cases, the lapse has been of many weeks duration.

The procedural facts leading to our decision to treat the failure to file a brief or covering pleading as a concession of error are as follows. After appellant's brief was filed, counsel for the Secretary sought three extensions in which to file his brief.

On the last due date, counsel filed a motion for remand and to stay further steps on appeal pending disposition of the motion. That motion is striking for its deficiency under our rules and for its lack of candor. It informs us, under our decision in *Cerullo v. Derwinski*, 1 Vet.App. 195 (1991), that the Chairman of the Board indicates an inclination to grant Board (expanded panel) reconsideration. Thus, the motion was addressed to our discretion to revest the Board with jurisdiction to act on the claim. This Court's Rule 5 requires the Secretary to specify the "error below and the proceedings or remedy deemed to be appropriate on remand." U.S.Vet.App.R. 5. In addition, Rule 28(b)(2) requires the Secretary, inter alia, in instances where a confession of error is made

and the relief the Secretary deems appropriate as to the confession of error is different from that sought by the appellant, [to] include a statement of confession *in the brief* and identify the relief thereunder that is deemed appropriate.

U.S.Vet.App.R. 28(b)(2) (emphasis added). *See Cerullo v. Derwinski*, 1 Vet.App. at 200 (Secretary's motion for Board reconsideration must clearly articulate the reasons for the remand request and the nature of the proceedings to be conducted).

Under Rule 5 and the Court's decision in *Cerullo*, the Secretary's motion is quite deficient. It sets forth two statements of the Board:

[(1)] "we [the BVA panel] agree that the peripheral vascular disease necessitating the amputations was a severe complication of the diabetes mellitus" ...;

[and (2)] "we do not agree that the existence of severe complications necessitating amputations in the 1970's permanently establishes the existence of pronounced diabetes mellitus". (R–5)

Secretary's motion at 2. The Secretary's motion then states: "it would have been appropriate for the BVA to correct any errors in the April 10, 1974 rating action in keeping with these observations." *Id.* Neither the Court nor appellant was thus informed whether these two Board statements are deemed error and, if so, why.

This tentative observation that it would be appropriate to "correct any error" caused appellant to oppose the remand based on failure to comply with our Rule 5.

Appellant's brief, filed prior to the Secretary's motion to remand, clearly seeks reversal and "an order that the [Department of Veterans Affairs (VA)] be directed to award the benefits sought on appeal." Br. of Appellant at 23. Appellant had not sought reconsideration by the Board based on whether the Board thought there might be "any error" in its earlier decision.

The case was set for argument. During argument, counsel for appellant addressed the merits of the claim. We were then advised by counsel for the Secretary that the case presented a "complicated" question, but that, as a matter of law, it was not possible for appellant to be entitled to the benefits she sought. If the Secretary takes the position that appellant cannot recover as a matter of law, the reasoning leading the Secretary to that conclusion should be presented to the Court in a brief or covering pleading.

■ The purposes of filing a brief in a judicial appeal are to state the position of the party from the point of view of an advocate—advocacy being a prime ingredient of the appeal—and to direct the Court to the relevant facts and the law; that is, the briefs should specifically define the character of the parties' arguments, make pertinent references to the record and transcript, if any, and assist the Court in resolving the issues, as appellant's brief has done. *Rebuck v. Vogel*, 713 F.2d 484 (8th Cir.1983); *Holt v. Sarver*, 442 F.2d 304, 307 (8th Cir.1971). Indeed, counsel has an ethical obligation to correctly advise the Court of the facts and the law. MODEL RULES OF PROFESSIONAL CONDUCT FOR FEDERAL LAWYERS Rule 3.3 (1990); *see also*, ABA MODEL RULES OF PROFESSIONAL CONDUCT Rule 3.3 (1983). The filing of briefs is mandatory under this Court's Rule 31, as it is under the Federal Rules of Appellate Procedure. *See* Fed.R.App.P. 31. Under this Court's Rule 31, "[i]f the Secretary fails to file a brief or other response, the Court may take appropriate action." In light of the fore-

going, we do not view the motion for remand filed in this case to be an appropriate "response" to appellant's contentions. U.S.Vet.App.R. 31.

A discussion of the effect on the Court of the Secretary's failure to file a brief is warranted. The Court and the Secretary are aware of the increasing number of appeals by veterans and their survivors to the Court. Over 2500 appeals and other matters are currently pending resolution; over 65 percent—nearly two thirds—of those matters are brought by unrepresented appellants. It is little wonder that counsel for the Secretary, who is by law commanded to represent the Secretary before the Court (38 U.S.C. § 7263(a) (formerly § 4063)), is required to file a brief to assist the Court in understanding the Secretary's position on the facts and law respecting the case. This duty is further emphasized by the statutory requirement that the Board provide adequate reasons or bases for its decisions (38 U.S.C. § 7104(d)(1) (formerly § 4004)), in order to facilitate review. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990).

When General Counsel for the Secretary fails in his duty to respond appropriately to appellant's contentions, the Court has little choice but to seek alternatives in the process leading to a prompt and just resolution of appeals. One choice for the Court is to proceed on its own to a complete and thorough examination of the record, the complex regulatory structure and the underlying statutory law—itself a most complicated and evolving conglomeration.

We do not deem that undertaking to be a possible or proper process here. It is an atypical practice for any court to appear to assist an appellant by ferreting out his implicit or possible contentions; although, when the appellant is unrepresented, courts will often scrutinize the record to identify the pertinent issues. To do so for the Secretary, however, would be the antithesis of the adversarial judicial appellate process. Moreover, the Court does not have the resources to do the work of counsel for the Secretary. We think it fair to observe that the function of any federal

court does not include comprehensive record analysis and research for the government's side of a case.

Therefore, the Court must look to an alternative process, because it is unthinkable that the Court fill the role of the Secretary while resolving the appeals before it. The requisite process is provided in Rule 31(c), which announces that, upon the failure of the Secretary to file an appropriate response "the Court may take appropriate action." That provision was adopted pursuant to this Court's rule-making authority conferred by 38 U.S.C. § 7264 (formerly § 4064) (Pub.L. 101–94, § 203, 103 Stat. 627 (1989)), and is reflective of the General Counsel's duty under 38 U.S.C. § 7263(a).

▆▆▆ An appeal to this Court begins an adversarial process, one not present at the administrative level. *See Littke v. Derwinski,* 1 Vet.App. 90 (1990). Appellate courts generally presume that any action of the tribunal below was correct until the contrary is shown. *Yeldell v. Tutt,* 913 F.2d 533 (8th Cir.1990); *Koch v. Secretary of HEW,* 590 F.2d 260 (8th Cir.1978); *see also Baltimore & P.R. Co. v. Sixth Presbyterian Church,* 91 U.S. 127, 23 L.Ed. 260 (1875). Where appellant has presented a legally plausible position in the form of a "relevant, fair and reasonably comprehensive" brief, with appropriate record references (a standard referenced in *Alameda,* 622 F.2d at 1049), and the Secretary has failed to respond appropriately, the Court deems itself free to assume, and does conclude, the points raised by appellant, and ignored by the General Counsel, to be conceded.

We deem *Alameda* to be a highly significant decision because it was made under circumstances very similar to those here. There, the First Circuit upheld a district court's holding that failure to file requested briefs constituted a failure to defend under Fed.R.Civ.P. 55(a), and, therefore, the entitlement of the several appellants to relief was conceded to the satisfaction of the court. The review provided in Social Security cases by district courts is of an appellate nature quite similar to direct appellate court review in administrative cases provided in this and federal circuit courts of appeals. We note that Rule 55 is much more stringent than our own Rule 31(c), since generally, under Rule 55, a judgment by default cannot be entered against the government unless the court is satisfied that the claim or right to relief is established. *See also Brown v. Board of Education,* 344 U.S. 141, 73 S.Ct. 124, 97 L.Ed. 152 (1952) (Court acknowledged the propriety of construing the appellee's failure to file a brief as a concession of the invalidity of the appellee's position). Under analogous state rules of procedure, state courts have also treated failure of the government to respond as concession. *See Turner v. Mississippi,* 383 So.2d 489 (Miss.1980) (State's failure to respond equaled a confession of reversible error); *Commonwealth v. Paasche,* 459 N.E.2d 1223, 391 Mass. 18 (1984) (Commonwealth's failure to file an appellate brief tantamount to a confession of error); *accord Ohio v. Grimes,* 477 N.E.2d 1219, 17 Ohio App.3d 71 (1984); *Indiana v. Moles,* 337 N.E.2d 543, 166 Ind. App. 632 (1975); *Meadows v. Hickman,* 73 N.E.2d 343, 225 Ind. 146 (1947).

Failure of a similar nature by the General Counsel in other cases may suggest a similar result; however, each such case will have to be judged on its peculiar facts to determine whether an appellant's arguments meet the "relevant, fair and reasonably comprehensive" standard.

Accordingly, the motion to remand is denied, the opinion of the Board denying appellant entitlement to accrued benefits is REVERSED and the Secretary is directed to award her the benefits sought on appeal.