**Everett G. LEMMONS, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1316.**

United States Court of Veterans Appeals.

Feb. 27, 1992.

Before MANKIN, Associate Judge.

## ORDER

On February 15, 1991, and again on May 2, 1991, the Court issued an order directing appellant to either file a $50.00 filing fee or a motion and affidavit for leave to appeal without payment of costs. The Court notified appellant that failure to comply could result in dismissal of his appeal. Appellant has not responded to or complied with this order.

On September 16, 1991, appellant was notified by the Court that he had 30 days from the date of the notice in which to file a brief in support of his appeal. Appellant did not respond to the notice. On November 4, 1991, the Court issued an order to appellant directing that he file a brief with the Clerk of the Court within 30 days. Appellant failed to comply with the Court's November 4, 1991, order.

On January 24, 1992, the Court ordered that appellant show cause why his failure to comply with the Court's order should not result in dismissal of his appeal under the terms of Rule 31 of this Court's Rules of Practice and Procedure. On February 3, 1992, counsel for appellant responded to the Court's order by forwarding a copy of a letter dated December 18, 1991, which let-

ter counsel states was mailed but apparently not received by the Court.

In the December 18, 1991, letter, counsel states that he was extremely busy, that he has no further evidence or argument to present, and that he wishes to submit appellant's appeal based upon the record on appeal. Counsel also asks that the Court apply the doctrine of reasonable doubt in deciding appellant's appeal.

> The purposes of filing a brief in a judicial appeal are to state the position of the party from the point of view of an advocate—advocacy being a prime ingredient of the appeal—and to direct the Court to the relevant facts and the law; that is, the briefs should specifically define the character of the parties' arguments, make pertinent references to the record and transcript, if any, and assist the Court in resolving the issues ...

*MacWhorter v. Derwinski,* 2 Vet.App. 133, 135 (1992). Rule 31(a) of this Court's Rules of Practice and Procedure makes the filing of briefs mandatory: "[T]he appellant *shall* serve and file a brief within 30 days after the date of the notice from the Clerk that the record has been filed" (emphasis added). In light of the foregoing, the Court does not view counsel's request that the Court decide the case based solely upon the record on appeal to be an appropriate or sufficient response to the Court's rules or to the Court's orders requiring that appellant file a brief. Accordingly, it is

ORDERED, sua sponte, that appellant, within 20 days after the date of this order, shall either file a brief or show cause why his appeal should not be dismissed for failure to comply with this Court's rules. If appellant's brief is filed within the prescribed time, the Clerk is directed to file it out of time. Otherwise, the Court will take such action as it deems appropriate in the instant case. It is further

ORDERED, sua sponte, that appellant, within 20 days after the date of this order, either file a $50.00 filing fee or a motion and affidavit for leave to appeal without payment of costs. If counsel for appellant fails to respond to this order within 20

days, appellant will be deemed to be proceeding in this matter pro se.

A review of the file reveals that counsel for appellant has not applied for admission to practice generally under rule 46(a) or for permission to appear *pro hac vice* under Rule 46(c). An admission packet is enclosed with this order.