# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 19-1136

KENNETH M. CARPENTER, APPELLANT,

AND

ROBERT V. CHISHOLM, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued November 17, 2020                    Decided February 24, 2021)

*Charles S. Dameron*, with whom *Jay I. Alexander*, *Daniel J. Farnoly*, *John Niles*, and *Barton F. Stichman*, were on the brief, all of Washington, D.C., for the appellants.

*Nathan P. Kirschner*, with whom *William A. Hudson, Jr.*, Acting General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Selket N. Cottle*, Deputy Chief Counsel, were on the brief, all of Washington, D.C., for the appellee.

*Yelena Duterte* of Chicago, Illinois, was on the brief for the National Law School Veterans Clinic Consortium as amicus curiae.

Before GREENBERG, MEREDITH, and FALVEY, *Judges*.

FALVEY, *Judge*: Kenneth M. Carpenter and Robert V. Chisholm are VA-accredited attorneys and principals in law firms that represent claimants before VA. Both firms employ paralegals who help firm attorneys pursue these claims. Mr. Carpenter's firm also employs non-paralegal support staff who assist with these claims. Some of the paralegals are not VA-accredited and none of the other support staff are accredited. Mr. Carpenter and Mr. Chisholm both requested remote, read-only access to automated VA claims records for these unaccredited employees. Ultimately, in separate decisions, the Board of Veterans' Appeals denied remote, read-only access

to automated VA claims records for Mr. Carpenter's unaccredited paralegals and staff and Mr. Chisholm's unaccredited paralegals. Appellants through counsel appealed these decisions.[1]

These appeals, which are timely and over which the Court has jurisdiction, *see* 38 U.S.C. §§ 7252(a), 7266(a), were referred to a panel of the Court, with oral argument,[2] to decide whether VA's categorical bar to remote, read-only Veterans Benefits Management System (VBMS)[3] access to unaccredited paralegals and staff violates the note to 38 C.F.R. § 14.629. Because that note concerns access to Veterans Benefits Administration (VBA) automated claims records as described in 38 C.F.R. §§ 1.600-.603, we must consider whether the Court's interpretation of those regulations in *Green v. McDonald*, 28 Vet.App. 281, 290 (2016) (per curiam order), applies to these appeals, particularly considering changes in VA's technological landscape. We are also asked to decide whether VA's bar against remote access to VBMS for accredited attorneys' unaccredited paralegals and support staff violates 38 U.S.C. § 5904(a) and due process, and whether the addition to and omission from the appellants' claims files of some documents constitutes statutory and due process violations.

We find that, because the regulations themselves—§§ 1.600-.603—have not changed since *Green*, the Court must follow the regulations' plain language and *Green*'s analysis of that language; the regulations do not pertain to VBMS access. We also find that the appellants have not proved that they were prejudiced by the denial of VBMS access to their unaccredited paralegals and staff, such that they could not competently represent their clients, or by any alleged record deficiencies. Thus, we will affirm the Board's decisions.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Mr. Carpenter's Appeal

In June 2016, Mr. Carpenter requested VBMS access for his unaccredited support staff and paralegals. Record (R.) at 366-67. In December 2016, VA denied the request. R. at 362-63. That

---

[1] The appellants filed an unopposed motion to consolidate. The Court granted the motion and consolidated the appeals under docket number 19-1136.

[2] Although appellants filed an opposed motion for oral argument, that motion is moot because the Court decided sua sponte that oral argument would assist us in our determination.

[3] "VBMS is an automated, fully electronic, Web-based claims processing system designed to serve as the cornerstone of VBA's transition to paperless claims processing." VA's Notice of Amendment of System of Records, "'VA Compensation, Pension, Education, and Vocational Rehabilitation and Employment Records—VA' (58VA21/22/28)," 77 Fed. Reg. 42,594-01 (July 19, 2012).

same month, Mr. Carpenter filed a Notice of Disagreement (NOD). R. at 361-62. After further proceedings, on October 31, 2018, the Board denied remote, read-only access to automated VA claims records for Mr. Carpenter's unaccredited paralegals and staff. R. at 2-13.

## B. Mr. Chisholm's Appeal

In November 2014, Mr. Chisholm asked a regional office to grant remote VBMS access to his unaccredited paralegals. R. at 628-30. VA did not act on the request and, in April 2015, Mr. Chisholm filed a petition with this Court. R. at 615-66. In September 2015, VA informed Mr. Chisholm of the basis for withholding access, but did not grant or deny the request. R. at 606-08. In October 2015, Mr. Chisholm responded and again requested access. R. at 667-70. In May 2016, VA accepted the October 2015 letter as a petition for rulemaking (under 5 U.S.C. § 553(e)) to revise 38 C.F.R. § 14.629 in a manner that would allow VA to provide remote access to unaccredited law firm support staff. R. at 588.

In September 2016, the Court partially granted Mr. Chisholm's petition, holding that "decisions regarding access to claims files are rendered pursuant to a law affecting the provision [of] veterans' benefits," and directing the Secretary to issue an appealable decision. *Chisholm v. McDonald*, 28 Vet.App. 240, 243 (2016) (per curiam order). In March 2017, the VBA denied Mr. Chisholm's paralegals remote access. R. at 457. That same month, Mr. Chisholm filed an NOD. R. at 578-81. After further proceedings, on October 29, 2018, the Board denied remote, read-only access to automated VBA claims records for Mr. Chisholm's unaccredited paralegals. R. at 369-82.

## C. The Board Decisions

In the decisions on appeal, the Board determined that the appellants had not established entitlement to remote, read-only access to VA claims records for their unaccredited paralegals, and, in Mr. Carpenter's case, for his support staff as well. R. at 2, 370. The Board addressed the interplay between §§ 1.600-.603 and the note to § 14.629 and, relying on this Court's decision in *Green*, determined that the regulations do not apply to VBMS access. R. at 4, 372-73. Assuming, however, that *Green* did not apply, the Board found the language in the note to § 14.629 permissive, and that the Secretary's Privacy Act and administrative concerns regarding access were not unreasonable, arbitrary, capricious, or an abuse of discretion. R. at 5-9, 373-77. The Board further noted that, even if the regulations pertain to VBMS, § 1.600(d)(2) provides that

3

§§ 1.600-.603 "do not create, and may not be relied upon to create, any right or benefit, substantive or procedural, enforceable at law against the United States or [VA]." R. at 7, 375.

As to whether the Secretary's denial of access violates 38 U.S.C. § 5904 and the appellants' ability to competently and diligently represent their clients, the Board determined that the appellants had not alleged a specific instance in which they could not render effective counsel, but cited only hypothetical harm. R. at 9, 377-78. The Board thus concluded that the relationship between access to VBMS for their paralegals and support staff and their statutory and ethical obligations was too attenuated. R. at 9, 378. Turning to appellants' arguments based on the practical considerations of efficiently running a law firm, the Board stated in part that the appellants had not cited a specific instance in which their clients missed a statutory deadline, VA had not provided a decisional document, or that they could not access their clients' electronic records. R. at 11-12, 379-81. Ultimately, the Board concluded that this case comes down to the appellants' disagreement with VA's policy, but that the Secretary had cited legitimate privacy and administrative concerns, and that his exercise of discretion is not unreasonable. R. at 12, 381.

### D. VA's Proposed Amendments to §§ 1.600-.603 and § 14.629

In February 2020, VA published a proposed rule to amend its regulations regarding remote access with a comment deadline of April 20, 2020. Individuals Accredited by the Department of Veterans Affairs Using Veterans Benefits Administration Information Technology Systems to Access VBA Records Relevant to a Claim While Representing a Claimant Before the Agency, 85 Fed. Reg. 9435 (proposed Feb. 19, 2020) (to be codified at 38 C.F.R. pts. 1 and 14). VA stated that, in 2003, when it added the note to § 14.629, which undergirds the appellants' arguments regarding access, VA IT systems did not include electronic copies of evidence. *Id*. at 9438-39. VA explained that the regulation's note "never meant that VA would always provide support staff . . . or paralegals with access to VBA IT systems." *Id*. at 9439. VA acknowledged, however, that "the note may have caused confusion and contributed to inconsistent application of current [§§ 1.600-.603] as VA has transitioned" from maintaining claimants' records in paper form to electronic form. *Id*. Thus, VA proposed changes to §§ 1.600-.603 and to remove the note to § 14.629 consistent with the clarification of its policy. *Id*. at 9436-39. VA noted that allowing unaccredited paralegals remote access to VA records would conflict with the proposed regulations and current practice of limiting access to claimants' accredited attorneys. *Id*. at 9439 (citing "VA's overarching responsibility to protect [v]eterans' privacy, maintain IT security according to Federal

4

requirements, and control administrative burden and costs"). Mr. Chisholm informed the Court that he submitted comments to VA urging the agency not to implement the proposed changes. *See* Appellants' *Solze* Notice (Apr. 17, 2020).

The Court ordered the parties to address whether we should stay this case pending VA's publication of the final rule. The Secretary responded, asserting that the Court should stay the case until 60 days after issuance of the final rule, allowing the appellants the chance to directly challenge the rule at the U.S. Court of Appeals for the Federal Circuit under 38 U.S.C. § 502. Secretary's Response (Resp.) at 2. The Secretary contended that the appellants' arguments would be rendered moot if the proposed rule became the final rule. *Id*. at 3. The Secretary explained, however, that VA had no deadline in which to publish the final rule and urged that the stay should not be limited to a specific period following the notice and comment period because "each rulemaking is different" and it could cause the stay being lifted before the appellants have a chance to challenge the final rule. *Id*. at 3-4.

The appellants also responded, arguing that the Court should not stay this case. Appellants' Resp. at 1. They asserted that VA's categorical bar to remote access for their unaccredited paralegals and support staff is causing harm and, because the Secretary is under no deadline to publish the final rule and there is uncertainty over whether there will be a final rule, a stay would prolong that harm. *Id*. at 2-8. They also contended that, even if the Secretary's final rule removes the note to § 14.629, it will not moot their case because they also raised statutory and constitutional challenges. *Id*. at 8-9.

We also permitted the National Law School Veterans Clinic Consortium, which stated it had an interest in whether law students, paralegals, and clinic staff would be able to "*fully* participate" in the representation of clients, to file an amicus response to the Court's order. Amicus Curiae Resp. at 1. It reiterated that any future final rule would not moot the statutory and constitutional conflicts here and that the Court should not stay the appeals pending an uncertain regulatory action. *Id.* at 1-5.

We thank the parties and the amicus for their helpful briefs. Given the uncertainty of if or when final rules will be published and what they might provide, we conclude that a stay of proceedings is not in the interests of judicial efficiency.

## II. ANALYSIS

On appeal, Mr. Carpenter and Mr. Chisholm argue that VA's categorical bar against access to VBMS by accredited attorneys' unaccredited paralegals and support staff violates the note to § 14.629. Appellants' Brief (Br.) at 13-16. They also assert that *Green* was void ab initio or dicta because that case concerned a Rule 10 motion and the Court thus did not need to analyze §§ 1.600-.603 to answer the question presented there. *Id*. at 16-18. In the alternative, they argue that *Green* is not controlling because the Court's analysis of §§ 1.600-.603 in that case has self-abrogated, given that VA's technological landscape has changed. *Id*. at 16, 18-20. Finally, they assert that VA's bar against remote access to VBMS for accredited attorneys' unaccredited employees violates section 5904(a) and due process and that the addition to and omission from the record before the agency (RBA) of some documents constituted statutory and due process violations. *Id*. at 20-30.

The Secretary argues that there is no statutory or regulatory right to remote, read-only access to VBMS, *Green* is controlling, and the appellants have not carried their burden of proving prejudicial error. Secretary's Br. at 4-12. The Secretary also asserts that VA has not violated section 5904(a) and that it afforded appellants due process. *Id*. at 13-20.

### A. Legal Landscape

#### *1. Statutory and Regulatory Framework*

Attorneys must competently represent their clients before VA. 38 U.S.C. § 5904(a). In carrying out this representation, attorneys require access to their clients' claims records. As explained below, that access is in some cases governed by §§ 1.600 through 1.603, which prescribe procedures for "[w]hen, and under what circumstances, VA will grant authorized claimants' representatives read-only access to the automated [VBA] claims records" and "[t]he exercise of authorized access by claimants' representatives." 38 C.F.R. § 1.600(a)(1)-(2) (2020). Section 1.601(a) provides that an applicant for read-only access to VBA automated claims records from a location other than a regional office must be:

> (1) An organization, representative, attorney or agent approved or accredited by VA under §§ 14.626 through 14.635; or

> (2) An attorney of record for a claimant in proceedings before the Court of Veterans Appeals or subsequent proceedings who requests access to the claimant's automated claims records as part of the representation of the claimant.

38 C.F.R. § 1.601(a) (2020).

6

Section 1.600(b)(1) provides that "VBA will grant access to its automated claimants' claims records from locations outside [r]egional [o]ffices . . . [o]nly to individuals . . . granted access . . . under §§ 1.600 through 1.603." 38 C.F.R. § 1.600(b)(1). And § 1.600(c) provides:

(1) Access will be authorized only to the inquiry commands of the Benefits Delivery Network [(BDN)] which provide access to the following categories of data:

(i) Beneficiary identification data such as name, [S]ocial [S]ecurity number, sex, date of birth, service number[,] and related service data; and

(ii) Claims history and processing data such as folder location, claim status, claim establishment date, claim processing history, award data, rating data, including service-connected medical conditions, income data, dependency data, deduction data, payment data, [and] educational facility and program data.

38 C.F.R. § 1.600(c).

Finally, the note to § 14.629, which concerns the requirements for accreditation of service organization representatives, agents, and attorneys, states:

A legal intern, law student, paralegal, or veterans service organization support-staff person, working under the supervision of an individual designated under § 14.631(a) as the claimant's representative, attorney, or agent, may qualify for read-only access to pertinent [VBA] automated claims records as described in §§ 1.600 through 1.603 in part 1 of this chapter.

38 C.F.R. § 14.629 Note (2020).

### 2. Green v. McDonald

*Green* concerned VA's denial of remote VBMS access to an attorney who represented the claimant before this Court, but who was not VA-accredited. *Green*, 28 Vet.App. at 283. Mr. Green asserted that the Board decision identified an error in VBMS concerning when VA had received records and that VBMS access was thus necessary to determine whether an RBA dispute existed. *Id*. at 283 & n.3. The Secretary responded that "it was VA's policy to require Court attorneys to *also* be accredited representatives before . . . VA before VBMS" access was granted. *Id*. at 283 (internal quotation marks omitted).

Mr. Chisholm's law firm, which represented Mr. Green in that case, argued that remote VBMS access was consistent with Rule 10(d) of the Court's Rules of Practice and Procedure, which provides that the Secretary must permit a claimant or representative to inspect and copy, subject to reasonable regulation, any original material in the RBA. *Id*. at 284. He also argued that,

read together, § 1.600(b)(1) and § 1.601(a)(2) afford an attorney before the Court the right to remote access to VBA automated claims records and "that the regulations do not give the Secretary discretion to impose, [through] internal policy, an additional accreditation requirement on attorneys before the Court." *Id*. at 283-84.

The Court concluded that attorneys representing claimants before the Court do not have a regulatory right, under §§ 1.600-.603, to remote read-only access to the claimants' VBMS files. 28 Vet.App. at 294. The Court determined that, standing alone, §§ 1.600-.603 do not define "automated VBA claims records" or "automated claimants' claims records"; but, "when § 1.600 is read in its entirety, it becomes clear that 'automated VBA claims records' and 'automated claimants' claims records' do *not* include VBMS files or a claimant's electronic claims folder." *Id.* at 290. The Court explained that, "[b]y limiting access to categories of data and information enumerated in § 1.600(c)(1), the regulation provides some context in which to understand the meaning of 'VBA automated claims records' or 'automated claimants' claims records.'" *Id*. The Court noted that the categories of accessible data do not include VBMS files or a claimant's electronic claims file. *Id*. To the contrary, the Court noted that "§ 1.600(c)(1)(ii) specifies that the BDN will provide the '[c]laims history and processing data such as folder location.'" *Id*. (emphasis omitted) (quoting 38 C.F.R. § 1.600(c)(1)(ii) (2016)). Thus, the Court found unavailing "Mr. Green's argument that the regulations should be interpreted to authorize access to his VBMS file." *Id*.

B. Technological Changes and *Green*

*1. Void Ab Initio or Dicta*

We now turn to the appellants' arguments. As noted above, the appellants argue that *Green*'s interpretation of §§ 1.600-.603 was void ab initio or dicta. Appellants' Br. at 16-18. They first note that *Green* concerned a Rule 10(d) motion, which permits the Secretary to subject to reasonable regulation the right of attorneys before the Court to inspect and copy original materials in the RBA. They argue that, because of this, the Court did not have to analyze §§ 1.600-.603 and how those regulations pertained to VBA automated claims files because it was VA's policies, and not its regulations, that required accreditation before obtaining remote VBMS access. *Id*. They point out that under § 1.601(a), VA distinguishes between VA accredited attorneys and agents and attorneys practicing before the Court and suggest that this is an independent basis for remote access. *Id*. They argue further that, even if the *Green* decision is not a nullity, its analysis of

8

§§ 1.600-.603 is dicta because it was unnecessary to the Court's decision on a Rule 10(d) motion. *Id*.

As stated above, in *Green*, Mr. Chisholm's law firm, which represented the claimant in that case, argued that, read together, § 1.600(b)(1) and § 1.601(a)(2) afford an attorney before the Court the right to remote access to VBA automated claims records and "that the regulations do not give the Secretary discretion to impose, [through] internal policy, an additional accreditation requirement on attorneys before the Court." 28 Vet.App. at 283-84; *see* 38 C.F.R. § 1.600(b)(1) (providing that VBA will grant remote access to its automated claimants' claims records: "Only to individuals and organizations granted access to automated claimants' records under §§ 1.600 through 1.603"), § 1.601(a) (stating that an applicant for remote access to VBA automated claims records must be: (1) "[a]n organization, representative, attorney, or agent approved or accredited by VA under §§ 14.626 through 14.635"; or (2) "[a]n attorney . . . before the Court . . . who requests access to the claimant's automated claims records").

Contrary to the appellants' current contention, the *Green* Court had to analyze and interpret §§ 1.600-.603 because Mr. Chisholm's firm there argued that VA's policy contradicted the plain language of § 1.600(b)(1) and § 1.601(a)(2). Because the Court agreed that the plain language of § 1.601(a)(2) does not include an accreditation requirement for attorneys before the Court, 28 Vet.App. at 289-90, it logically also had to address whether the regulations applied to remote read-only access to VBMS, as well as analyze § 1.600(c) to understand what automated claims records "individuals and organizations granted access to automated claimants' records under §§ 1.600 through 1.603" could access. 38 C.F.R. § 1.600(b)(1). Thus, *Green*'s analysis of those regulations does not render the decision void ab initio or the analysis itself dicta.

Further, even if the situation here is distinguishable from *Green*, because *Green* involved an attorney representing a claimant before the Court and this case involves attorneys and agents representing claimants before VA, § 1.601(a) provides that both VA accredited attorneys or agents and unaccredited attorneys before the Court may have access to automated claims records. But what those claims records include does not change, regardless of whether it is an accredited attorney or agent, or an unaccredited attorney before the Court, who is requesting access to them. In other words, even though the situation here involves different individuals than in *Green*, that does not change the applicability of its holding that automated claims records, as noted in § 1.600, do not include VBMS, no matter who is accessing them.

9

*2. Self-abrogation*

The appellants also argue that *Green*'s analysis of §§ 1.600-.603 has self-abrogated, given that VA's technological landscape has changed. Appellants' Br. at 18-20. As stated, § 1.600(b) provides that "VBA will grant access to its automated claimants' claims records from locations outside [r]egional [o]ffices" and § 1.600(c)(1) provides that "[a]ccess will be authorized only to the inquiry commands of the [BDN]." Although the Court is limited in what material it may review, *see* 38 U.S.C. §§ 7252(b), 7261(c), we acknowledge that there have been some changes to VA's technological landscape since 2008, when § 1.600 was last updated.

For example, a September 2016 VA letter reflects that the Principal Deputy Under Secretary for Benefits provided guidance to all the regional offices regarding granting accredited representatives access to VA information systems. R. at 51-54. He instructed them that, upon successful completion of a background investigation and issuance of a Personal Identity Verification (PIV) badge, "VA will grant access to the VA network and to the . . . []VBMS[]." R. at 52. Additionally, in the February 2020 Federal Register notice about the proposed rule changes to §§ 1.600-.603 and § 14.629, VA stated that its "effort to modernize the claims processing system has required a change to storing records relevant to benefit claims before the agency and processing such claims in electronic form, currently utilizing the . . . []VBMS[] information system." 85 Fed. Reg. at 9436; *see id.* (also stating that the experience of VA claimants, representatives, and the agency since the transition to VBMS warrants clarification of terms and processes related to how attorneys, agents, or representatives of VA-recognized veterans service organizations (VSOs) may have direct access to VBA's claims records). VA further stated that "[t]he proposed rule would also revise most of § 1.600(c) to remove references to antiquated IT systems and commands." 85 Fed. Reg. at 9437; *see id.* (explaining that this was to "ensure VA's regulations stay current regardless of future IT developments" and that it thus proposed to "describe affected IT systems more generally").

Despite these apparent technological changes, however, the text of §§ 1.600-.603 has not changed since *Green*. *Compare* 85 Fed. Reg. at 9436-37 (publishing the proposed changes to these regulations) *with* Oral Argument at 45:14-45:45, *Carpenter v. Wilkie*, U.S. Vet. App. No. 19-1136 (oral argument held Nov. 17, 2020), http://www.uscourts.cavc.gov/oral_arguments_audio.php) (the Secretary noting that VA is still addressing comments and that it is unclear if a final rule will

be published). And the appellants have not persuaded us how we can consider anything but the plain language of the regulations and *Green'*s controlling analysis of those regulations.

First, the appellants fail to explain how the common-law maxim—that when the reason of a rule ceases, so should the rule itself—applies to a court's plain language interpretation of a regulation in a precedential decision. Appellants' Br. at 18 (citing *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), and two non-binding cases about changed circumstances justifying departure from common-law rules, but not elaborating on how VA technological changes compel a departure from applying that Agency's regulations); *see Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain underdeveloped arguments). VA appears to be updating its regulations in response to the technological changes; but until the time that such updates occur, the Court will not disregard the current regulations' language, and *Green*'s interpretation of that plain language, based on underdeveloped arguments and extra-record evidence annexed to the appellants' brief (discussed below). *See* 38 U.S.C. § 7261(a)(1) (providing that the Court may interpret regulatory provisions); 38 U.S.C. § 7252(b) (providing that "[r]eview in the Court shall be on the record of proceedings before the Secretary and the Board").

The appellants also contend that VA now treats VBMS e-folders as constituting "VBA automated claims records," Appellants' Br. at 17, those records discussed in §§ 1.600 through 1.603. But it is unclear whether VA relies on §§ 1.600-.603 to grant VBMS access to accredited attorneys and agents. For example, the September 2016 VA letter cites no statutory or regulatory authority. *See* R. at 51-54; *id.* (the letter also does not mention access for unaccredited attorneys practicing before the Court, even though § 1.601 states that remote VBA automated claims records access can be granted for accredited attorneys or agents, *or* for unaccredited attorneys representing claimants before the Court). Further, the Secretary responded during oral argument that, although he could not identify the regulations on which the September 2016 letter was based, VA does not consider §§ 1.600-.603 as including VBMS and that VA follows the same protocols as when we issued *Green*, including requiring a PIV card for access to its systems. Oral Argument at 35:30-37:30; *id.* at 43:52-44:32 (noting that there is a proposed rule governing VBMS). Thus, although the appellants assert that "[w]hether by abandonment, estoppel, or similar doctrine, VA may not now rely on *Green*'s analysis . . . for a contrary position" to VA treating VBMS e-folders as constituting VBA automated claims records, Appellants' Br. at 18, they provide no analysis or

11

citation to legal authority and they fail to explain how we can interpret the language of the regulations as applying to VBMS. We therefore find this argument unpersuasive.

The appellants also maintain that the "dispositive fact" in *Green* was that "the only way" for VA to grant remote access was "to grant logistical access to VA['s] networks and information systems" and, again citing extra-record evidence, they assert that those security concerns have now been obviated. Appellants' Br. at 18-20. But the appellants' reading of *Green* is mistaken. VA's security concerns played no role in the Court's regulatory interpretation in *Green*. 28 Vet.App. at 288-90 (relying instead on the plain language of the regulations and finding that §§ 1.600-.603 do not provide a right to remote access to claimants' VBMS files); *id.* at 293-94 (discussing the Secretary's arguments regarding security concerns, but not basing its interpretation on those arguments). And, even regarding whether the Secretary's policy was reasonable under Rule 10 of the Court's Rules of Practice and Procedure, the Court declined to "delve into the Secretary's policies and procedures" because the appellant had not established a statutory right to remote access. *Id.* at 293.

### 3. § 14.629 and Summary

In sum, the appellants have demonstrated no error on the part of the Board for relying on *Green* to find that §§ 1.600-.603 do not apply to VBMS access. Further, the Court must review and apply the regulations' language, as well as its own interpretation of that language in *Green*. Doing so here, the appellants' arguments that VA's categorical bar against VBMS access for unaccredited paralegals and support staff violates the note to § 14.629 must fail. Appellants' Br. at 13-16. As stated, § 14.629 concerns the requirements for accreditation of attorneys, agents, and VSOs and the note to that regulation states that a "legal intern, law student, paralegal, or [VSO] support-staff person, working under the supervision of an individual designated . . . as the claimant's representative, attorney, or agent, may qualify for read-only access to pertinent [VBA] automated claims records as described in §§ 1.600 through 1.603." 38 C.F.R. § 14.629 Note. But, as explained above, the automated claims records referenced there—i.e., those described in §§ 1.600-.603—do not include VBMS. *See Green*, 28 Vet.App. at 288-90. Thus, any error in categorically barring these individuals' access to VBMS would not be related to the regulations.[4]

---

[4] The Court notes that, although the note to § 14.629 lists paralegals, there remains a question about whether that note includes other law firm support staff. *See* 38 C.F.R. § 14.629 Note (specifically listing "[VSO] support-staff"). But we will not delve into that issue because, even if the note includes them, like paralegals, barring their access to VBMS is unrelated to the regulations at issue (§§ 1.600-.603).

12

Further, because the note to § 14.629 refers only to access granted under §§ 1.600-.603, the Court need not address the appellants' arguments that the Board erred when it concluded that the language of the note was not mandatory.

And, although the Court is aware of current VA policy, separate from the regulations, about access to VA IT systems, *see*, *e.g.*, R. at 51-54 (September 2016 VA letter), the appellants focused their arguments in their briefs on the regulations and not on whether VA's policies were arbitrary or capricious. Indeed, they did not challenge the Board's findings that the Secretary's decision to bar access and his stated privacy and administrative concerns are not unreasonable, arbitrary, capricious, or an abuse of discretion, R. at 3, 7-9, 372, 375-79, or that the plain language of § 1.600(d)(2) provides that the regulations do not create an enforceable right or benefit, R. at 7, 375. Thus, although the appellants focused much of their assertions during oral argument on the reasonableness of the Secretary's policy, the Court will not address such matters. *See Pederson v. McDonald*, 27 Vet.App. 276, 281-85 (2015) (en banc) (declining to review the merits of an issue not argued on appeal); *see also Carbino v. Gober*, 10 Vet.App. 507, 511 (1997) (declining to review an argument first raised in the appellant's reply brief), *aff'd sub nom. Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[I]mproper or late presentation of an issue or argument . . . ordinarily should not be considered."). Unlike other cases in which the Court has exercised its discretion to hear late-raised arguments, *see, e.g.*, *Crumlich v. Wilkie*, 31 Vet.App. 194, 202 (2019), we decline to do so under these circumstances. Finally, although VA has proposed revisions to §§ 1.600-.603 and § 14.629, *see* 85 Fed. Reg. 9435-39, the Court is without authority to analyze any possible changes in the regulations.

## C. Competent and Diligent Representation

We next turn to the appellants' argument that VA's categorical bar to remote VBMS access for unaccredited paralegals and support staff violates 38 U.S.C. § 5904(a)(2). Section 5904(a)(2)(A) states the following:

> The Secretary shall prescribe in regulations (consistent with the Model Rules of Professional Conduct of the American Bar Association [(ABA)]) qualifications and standards of conduct for individuals recognized under this section, including a requirement that . . . an individual must . . . show that such individual is of good moral character and in good repute, is qualified to render claimants valuable service, and is otherwise competent to assist claimants.

38 U.S.C. § 5904(a)(2)(A). The appellants assert that VA is depriving claimants of their right to competent and diligent representation because VA is limiting their representatives' ability to

faithfully execute their duties under section 5904, the ABA Model Rules of Professional Conduct, and VA's regulations concerning representation. Appellants' Br. at 21-23.

In both decisions on appeal, the Board found "the relationship between VA's decision not to grant [appellants'] unaccredited paralegals and staff access to VBMS and the competence mandated by Congress and state ethical rules too attenuated," particularly because appellants provided only hypothetical situations rather than specific instances of when they could not provide effective counsel. R. at 9; *see* R. at 378.[5] And, indeed, the appellants here only provide hypotheticals and speculative harms rather than specific examples of harm suffered due to VA's categorical bar. Appellants' Br. at 22-23 (arguing about general delays because unaccredited paralegals or support staff must wait for an accredited attorney or agent to access VBMS, which in turn diminishes the accredited representatives' capacity to perform other tasks); *id.* (presenting hypotheticals such as "[i]f a client contacts [the] office" about the status of a case and "[i]f no accredited representative is available," and alleging that the process causes delay); *see Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (holding that the appellant bears the burden of proving prejudice on appeal); *cf. Saunders v. Brown*, 4 Vet.App. 320, 324 (1993) (noting that "[a]n appellant who seeks redress in federal court must demonstrate 'actual injury redressable by the court'" (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976))).

In *Green*, the Court stated that, "[a]lthough remote access to claims records might ease the process of representation, the Court agrees with the Secretary that Mr. Green's argument that VA is prohibiting his attorney from providing competent and diligent representation rings hollow." 28 Vet.App. at 293. The same is true here. Although the appellants make a statutory argument, it is nevertheless similar to the argument that Mr. Chisholm made in *Green*, where he contended that the ABA Model Code of Professional Conduct and VA's regulations required competent and diligent representation. *Id.* at 284; *see* Appellants' Br. at 21-23 (appellants here also citing the ABA Model Rules of Professional Conduct and VA's regulations to support their competence and diligence argument). Any distinction that we discern between the argument here and in *Green* is inconsequential. In fact, applying *Green*'s rationale seems even more compelling here. *Green* concerned an unaccredited attorney before the Court. Denying remote access to him would mean

---

[5] The Board also found that the appellants' arguments speak more to convenience and their preferred way to run their law practice, but that they had not shown that VA's policies precluded competent and diligent representation or that they were unreasonable. R. at 12, 381.

that access could only be obtained at the VA General Counsel's office or at a VA regional office, *Green*, 28 Vet.App. at 295, because, presumably, there would be no other representative to remotely access the client's automated claims records. Yet here, the accredited attorneys and agents have remote access to automated claims records, even if the unaccredited paralegals and support staff in their law firms do not. Thus, we will apply *Green*'s logic here: as the Board found, there has been no showing that accredited attorneys and agents cannot competently represent their clients because their unaccredited paralegals and support staff cannot remotely access automated claims files. We therefore find that VA's categorical bar to remote VBMS access for those individuals does not violate section 5904(a).[6]

Finally, the appellants' argument that the Board applied an erroneous standard to establish prejudice is undeveloped. Appellants' Br. at 23; *see Locklear*, 20 Vet.App. at 416. In essence, they criticize the Board for noting that they have not shown a specific instance of harm. Appellants' Br. at 23; *see* R. at 9, 378. But they do not dispute that their arguments reflect potential harm and, although they contend that "[t]hat severity of harm is not necessary to establish prejudice," Appellants' Br. at 23 (mentioning, e.g., clients missing a deadline), they do not proffer what standard should apply, nor elaborate any further on their assertion.

Although the Court recognizes that there are perhaps more efficient and convenient ways to balance law firms' needs with VA's concerns—such as VA accrediting all paralegals[7] and support staff, or VA revoking accreditation of an attorney if his or her unaccredited paralegal or support staff misuse the systems to which they were granted access under the attorney's supervision—as always, it is not the Court's place to write laws or make VA policy. As noted above, the Board found the relationship between remote access for unaccredited paralegals and support staff and the appellants' duties under section 5904 too attenuated; thus, the appellants have not demonstrated Board error in this regard.

---

[6] We note that, during oral argument, the Secretary stated that the Model Rules do not trump statutes or regulations. Oral Argument at 41:17-41:27. Even so, section 5904(a) does reference the Model Rules. In any event, though, the appellants have not shown that accredited attorneys and agents cannot competently represent their clients under either the statute or the Model Rules.

[7] Mr. Chisholm stated in his March 2018 Substantive Appeal that he employs some accredited paralegals. R. at 408.

## D. Due Process

### 1. VA's Categorical Bar

The appellants assert that remand is required for the Board to address their due process argument. Appellants' Br. at 23-24. First, they cite pages 302, 409, 410, and 414 of the record, as containing the argument raised to the Board; these pages contain one-line conclusory assertions that the denial of remote access to paralegals and support staff violates or affects claimants' due process rights. Although the Board did not discuss these assertions, remand is not required on this basis because (1) the Court reviews constitutional questions de novo, *see Buzinski v. Brown*, 6 Vet.App. 360, 365 (1994); (2) their arguments were not developed, *see Locklear*, 20 Vet.App. at 416; and (3) as set forth above, they have not established error in the Board's determination that VA's categorical bar does not preclude effective representation. Further, to the extent that they suggest that remand is necessary by contending that their constitutional argument contains an "as-applied" element, Appellants' Br. at 24, which necessarily involves facts, they do not explain what factual dispute is at play, nor is one apparent from their Substantive Appeals, *see* R. at 302, 409, 410, and 414.

### 2. *The Claims File*

The appellants also argue that record deficiencies—the addition to and omission from the claims files of certain documents—violated 38 U.S.C. § 7104(a) (that the Board decision must be based on the entire record) and 38 U.S.C. § 7252(b) ("Review in the Court shall be on the record of proceedings before the Secretary and the Board."), as well as due process, which safeguards the development of their claims. Appellants' Br. at 25, 27. They contend that, given these deficiencies, they did not know what material was and was not before the Board, depriving them of an opportunity to fully participate in their respective Board proceedings. *Id.* at 27. We note that, during oral argument, the Secretary acknowledged that VA assembled the records in an unusual manner in these cases (e.g., paper claims files) because they concerned the atypical situation of attorneys obtaining access to automated claims records rather than the typical situation of veterans seeking benefits. Oral Argument at 46:32-48:13. But, the Secretary asserted that this and the other

claimed record deficiencies did not violate due process, deprive the appellants of an opportunity to participate, or prejudice them. *Id.*; *see id.* at 48:38-49:07. We agree.[8]

The appellants claim that VA added the following documents to their paper claims files without disclosing when and why, Appellants' Br. at 26: (1) a VA document entitled, *Information Security Rules of Behavior for Non-Organizational Users*, R. at 21-25, 702-06; (2) November 2016 VA guidance entitled, *IT and Security Requirements for VSOs and Private Attorneys*, R. at 26-50, 677-701; (3) the September 2016 VA letter discussed above, R. at 51-56, 671-76; and (4) an April 2016 VA memorandum stating that VBA will cover the cost associated with issuing PIV cards, including the necessary background investigations for private attorneys and claims agents, R. at 57, 707.

The appellants also question why VA did not include other documents, such as the documents annexed to their opening brief, and assert that VA did not include in their claims' files the original of Mr. Chisholm's Substantive Appeal and some email correspondence (noting that the record contained printouts of emails but not all the originals). Appellants' Br. at 26; *see id*. at 9 n.1 (stating that the RBA did not have the original of Mr. Chisholm's Substantive Appeal and that the brief's citation is to a copy that Mr. Chisholm appended to a later motion, citing R. at 403-58). They also state that the Board relied in Mr. Carpenter's case on a September 2015 Deputy General Counsel letter to Mr. Chisholm that was not in Mr. Carpenter's claims file. Appellants' Br. at 27 (noting that the letter was in Mr. Chisholm's claims file).

However, with the exception of the September 2016 letter and the extra-record evidence annexed to their opening brief,[9] absent from the appellants' briefs is any specific assertion regarding the content and relevance of the documents added to or omitted from their claims' files

---

[8] Because we agree that the appellants have not met their burden of demonstrating that they were prejudiced by any alleged record deficiencies, we will not address the parties' dispute as to whether the appellants should have raised these arguments earlier in these proceedings or whether the Secretary should be estopped from raising this defense. *See* Secretary's Br. at 18-20; Reply Br. at 14-15. Likewise, although the Secretary did not substantively respond to the appellants' arguments regarding the alleged record deficiencies and, instead, rested on his procedural argument, under the circumstances of this case, we decline to infer a concession of prejudicial error or to relieve the appellants of their burden of persuasion. *Cf.* Reply Br. at 14-15 (citing *MacWhorter v. Derwinski*, 2 Vet.App. 133, 136 (1992)).

[9] In this regard, we note that the appellants rely on these documents to support their assertions that *Green*'s analysis of §§ 1.600-.603 has self-abrogated and that the purportedly dispositive security concerns in *Green* have been obviated. Appellants' Br. at 18-19 (citing *Green*, 28 Vet.App. at 286). However, as indicated above, the appellants are mistaken as to the role VA's security concerns played in *Green* and they have not shown on what basis we may ignore the plain language of the regulations.

or how consideration of, or the lack of consideration of, those documents might have affected the Board's decision making. Without more of an explanation from the appellants, the Court cannot determine how the inclusion or omission of these documents in or from their claims' files prejudiced them or prevented them from fully participating in their Board proceedings. *See Sanders*, 556 U.S. at 409; *Locklear*, 20 Vet.App. at 416. Thus, we do not find that the addition to and omission from the claims files of the documents listed above prejudiced the appellants or deprived them of the opportunity to fully participate in their Board proceedings.[10]

Finally, the appellants contend generally that the claimed record deficiencies were per se prejudicial. Appellants' Br. at 29-30 (citing *Simmons v. Wilkie*, 30 Vet.App. 267, 281-82 (2018)). But, as the Court found in *Simmons*, the appellants here have "not persuasively demonstrated how [this] error affected the essential fairness of the adjudication . . . or deprived [them] of a meaningful opportunity to participate in the fair processing of [their] claim[s]." 30 Vet.App. at 283 (noting that the failure to provide a presumption in a prior decision did not have the natural effect of preventing meaningful participation in the VA adjudication process). Although the addition to or omission from a claims file of documents could involve a situation that violates minimum standards of fairness, *see id*. (the Court in *Simmons* noting lack of or defective notice, lack of an opportunity for a hearing, and partiality or dishonesty of a decision-maker as factors violating fairness in other cases), the appellants' argument here is underdeveloped and the Court will thus not address it further, *see Locklear*, 20 Vet.App. at 416.

---

[10] Although the appellants bear the burden of demonstrating prejudice, we find our conclusion here particularly true with respect to (1) the September 2016 VA letter, which the appellants relied on to support their arguments, *see* Appellants' Br. at 5, 15 (citing the September 2016 letter as evidence that records referenced in §§ 1.600-.603 and § 14.629 include VBMS files); and (2) although the Board in Mr. Carpenter's case referenced the September 2015 letter to Mr. Chisholm that was apparently not in Mr. Carpenter's claims file, that letter discussed VA's privacy and administrative concerns regarding granting access to unaccredited paralegals, which the appellants essentially abandoned here on appeal, *see ante* at 13.

Likewise, with respect to the omitted documents, this is particularly true where (1) a copy, if not the original, of Mr. Chisholm's Substantive Appeal was in the claims file; and (2) although the claims files may not have included some original correspondence, copies of that correspondence in the claims files show that those emails were simply communications between the appellants and VA about the status of their claims and did not concern any substantive matters, *see* R. at 311-12, 318-19, 332-35.

To be clear, although we are making no determinations regarding these documents in the first instance, we are permitted to review them for prejudicial error. *See Newhouse v. Nicholson*, 497 F.3d 1298, 1301 (Fed. Cir. 2007) (holding that this Court may make factual findings in reviewing for prejudicial error); *Vogan v. Shinseki*, 24 Vet.App. 159, 164 (2010) (finding that this Court is permitted to look beyond the Board's decision to review the record of proceedings when identifying prejudicial error).

E. Summary

In sum, we find that, because §§ 1.600-.603 have not changed since *Green*, the Court must follow the regulations' plain language and *Green*'s analysis of that language; the regulations do not pertain to VBMS access. We also find that the appellants have not proved that they were prejudiced by the denial of VBMS access to their unaccredited paralegals and staff or by any alleged record deficiencies. Thus, we will affirm the Board's decisions.

## III. CONCLUSION

On consideration of the above, the October 31, 2018, Board decision denying entitlement to remote, read-only access to automated VA claims records for Mr. Carpenter's unaccredited paralegals and staff and the October 29, 2018, Board decision denying entitlement to remote, read-only access to automated VBA claims records for Mr. Chisholm's unaccredited paralegals are AFFIRMED.